UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

           NO. CIV. S-05-772 LKK/KJM

    Plaintiff,

  v.                                 O R D E R

CONSTANCIO CU, JR., et al.,

    Defendants.
_____/

    Plaintiffs bring an action pursuant to 28 U.S.C. § 1331 claiming that defendant restaurant, The South Villa ("Restaurant"), has violated the Americans with Disabilities Act of 1990 ("ADA") by failing to provide appropriate disabled parking at the Restaurant. Plaintiff further alleges violation of California Civil Code §§ 51, 52 for denial of full and equal access to public facilities at a retail restaurant. The defendant now brings a motion to dismiss for failure to include a plain statement of the case in the complaint, for alleging conflicting facts, and because
////

1

they claim that there is no relief the court may grant.[1]

**I.**

**BACKGROUND/FACTS**[2]

The complaint alleges that plaintiff (a quadriplegic who is confined to a wheelchair and uses a service animal) visited the Restaurant on February 17, 2005 and was unable to safely exit his vehicle because of no available disabled van accessible parking. Plaintiff was required to park in a non-conforming space with no access aisle. Plaintiff asked to speak to the manager, but the manager was not present so he told the waiter of the problem and the waiter said that he would inform the manager. Two other elderly customers also complained about the disabled parking. Plaintiff claims to have returned in April where he saw that the parking remained the same. The complaint also mentions that the plaintiff "is unaware of accessible restrooms."

**II.**

**STANDARDS**

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded"

---

[1] The court decides this motion on the pleadings and papers filed herein and without oral argument.

[2] These facts are taken from the complaint, further facts are alleged in the reply brief but since this is a motion on the pleadings, the court has relied solely upon those in the complaint itself. These facts are taken to be true only for the purposes of this motion.

allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

////
////
////
////
////
////

**III.**

**ANALYSIS**

**A. INCONSISTENT FACTS**

Defendants seek to have the complaint dismissed because they believe that it alleges inconsistent facts.

The first fact the defendant claims is inconsistent surrounds whether the plaintiff actually ate at the Restaurant or was forced to leave due to the parking. In the summary of facts section plaintiff states the following:

> On February 17, 2005 the Plaintiff visited the RESTAURANT and was unable to exit (safely) his van because of no available disabled van accessible parking space. The Plaintiff was required to park in a non-conforming parking space with no access aisle. On this visit, the Plaintiff spoke with the waiter of the RESTAURANT (ask for manager, but manager was not present) and informed him of the problem. The waiter stated to the Plaintiff that he would inform the manager. Two other elderly customers also complained about the disabled parking. Plaintiff returned to the RESTAURANT in April and no parking or entrance alterations had been performed. Still, the parking remains the same.

Compl. at 3. In the second claim for relief, plaintiff states that: "On each of the above listed occasions, when the Plaintiff arrived at the RESTAURANT, he was not allowed to park (safely) and access the entrance. Plaintiff was forced to leave the RESTAURANT, unable to patronize the RESTAURANT as an equal." Compl. at 14.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair

4

notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (citing Fed. R. Civ. P. 8(2)); Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001). The court cannot find that the complaint fails under this liberal pleading standard. The statements are not directly contradictory, instead it simply appears that the plaintiff is saying he was disadvantaged in his access to the Restaurant and was forced to unsafely exit his vehicle and to shorten his visit or choose not to visit in the future. In addition, the defendants' motion seems to agree that plaintiff did visit and eat in the Restaurant which suggests that they could have reasonably figured out plaintiffs claim. Defs.' Br. at 5. Since the court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from these facts, it would be inappropriate to dismiss the complaint for less that perfect clarity. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Secondly, the defendants claim that the plaintiff, at one point, states that notice was provided and then later says that notice is not required. Plaintiff's complaint states that: "The Plaintiff gave notice to the RESTAURANT manager on February 17, 2005 about the problem and gave the Defendants over 60 days to comply before resorting to this action." Compl. at 5. That statement is hardly an admission that notice is required, simply a statement that notice was given. For the statement that notice was not required the defendants rely on what appears to be an e-

mail between Mr. Johnson and Mr. Lynch which was provided as an exhibit to the defendants motion to dismiss.

If the court was to decide to accept this e-mail, it would require the court to move beyond the pleadings and therefore to convert the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(b) (If "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). If the complaint cites or relies upon an outside document it is appropriate to review it, but that is not the case here. Parrino v. FHP, Inc., 146 F.3d 699, 705-706 (9th Cir. 1998). As I have held long ago, the court has complete discretion in determining whether to accept the proffered material. National Agr. Chemicals Ass'n v. Rominger, 500 F. Supp. 465, 472 (E.D. Cal. 1980); see also Collins v. Palczewski, 841 F. Supp. 333, 335 n.2 (D. Nev. 1993). It does not appear that the court could decide this case on summary judgment without knowing which facts are disputed, therefore, it seems best to ignore the extra-pleading evidence and decide this as a motion to dismiss as it is presented to the court.[3]

////

---

[3] It is also not clear how this actually hinders the defendants' ability to reply. Plaintiff is clearly alleging that he gave notice, the defendants do not appear to be actually raising a question of whether or not he did or even whether or not notice is required.

6

Additionally, if the court was to decide this as a summary judgment motion the plaintiff would be entitled to the opportunity to respond to the extra material submitted. 5C Wright & Miller, <u>Federal Practice & Procedure</u>, Civil 3d § 1366 (2004).

Looking solely at the complaint it does not appear that the plaintiffs have alleged any contradictory facts regarding the notice given. Plaintiff simply states that he gave oral notice to the restaurant employee. Should defendants wish to dispute whether notice is required or not or whether the notice given was adequate, defendants may, in due course, bring a motion for summary judgment or partial adjudication, wherein they provide the proper statutory standard to prove the contention. Here, defendants have only brought a motion to dismiss based on the pleadings and the court can find no inconsistency in the complaint regarding the provision of notice.

The defendants refer to Fed. R. Civ. P. 11's requirement that the attorney sign the pleading to attest that the allegations are based upon a reasonable inquiry into the facts and the law when stating that the Restaurant had operated for ten years without any complaints. Fed. R. Civ. P. 11. They then state that the plaintiff fails to provide any statement "showing that Plaintiff ever did a diligence review of the history of the site." Defs.' Br. at 5. They point to no requirement that the plaintiff has to have known the history of the site or have provided it in the complaint and the court has not come across such a requirement in either the ADA or in the Unruh act.

7

**B. THERE IS NO RELIEF THE COURT CAN GRANT**

    **1.   Injunctive Relief**

Defendants claim that they have complied with the ADA by making modifications to the property and thus that there is no relief that can be granted, citing <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources</u>, 532 U.S. 598 (2001). <u>Buckhannon</u>, however, is a case about attorney's fees, not about injunctive relief. <u>Id.</u> In that case, the Supreme Court held that a party whose lawsuit compels voluntary compliance by the defendant cannot collect attorney's fees under a catalyst theory if they did not receive a judgment on the merits or via a court ordered consent decree such that they could be considered the prevailing party. <u>Id.</u> at 600. In that case, the state legislature changed the law which the plaintiffs were alleging violated the ADA and FHAA, removing the offensive provision prior to a final judgment by the court. <u>Id.</u> at 601. The case was thus dismissed as moot. <u>Id.</u>

Perhaps more to the point, the court is unable to simply take the defendants by their word without a stipulation from the plaintiff or a proper motion for summary judgment by the defendants which provides the necessary factual and legal evidence of compliance. Plaintiff's reply brief clearly states that he disagrees that compliance has been achieved.

    **2.   Attorney's Fees**

The plaintiff's complaint requests "all reasonable attorneys' fees, all litigation expenses, and all costs of this proceeding as

provided by law." Compl. at 17. The opposition to the motion to dismiss clarifies by stating that he only seeks fees "for any counsel which the Plaintiff may need to acquire." Pl.'s Opp'n at 5. Kay v. Ehrler holds that a rule allowing for the collection of attorneys' fees for pro se parties is inappropriate. 499 U.S. 432, 438 (1991). Thus, as far as the complaint seeks damages for Johnson's own services, it should be dismissed. However, recent case law suggests that plaintiff's alternative request for attorneys fees, should he require the services of additional counsel, may still be available (assuming, of course, that he succeeds on his claim and meets any other requirement for the collection of attorneys' fees). See Blazy v. Tenet, 194 F.3d 90, 94 (D.C. Cir. 1999) (refusing to extend Kay v. Ehrler to exclude the collection of fees paid to lawyers who were consulted by a pro se plaintiff in the formulation of his or her case); cf. U.S. ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc., 89 F.3d 574, 578 (9th Cir. 1996); Kamal v. City of Santa Monica, 221 F.3d 1348 (9th Cir. 2000).

Since the case has not proceeded to the merits and it is unsure whether plaintiff will decide to seek assistance of outside counsel, it is appropriate for the court to deny the motion to dismiss at this time. Plaintiff, however, should be on notice that he will be unable to seek attorneys' fees for his own services pursuant to the rule set out above.

////

////

### 3. **Intent to Discriminate**

Defendants assert that in order to find liability under the ADA the plaintiff must demonstrate an intent to discriminate. Defs.' Br. at 6. This is simply incorrect.

> Title III of the ADA does not require a plaintiff to prove that her disability motivated the defendant's actions. A disability discrimination claim may be brought either on the theory that defendant failed to make reasonable accommodations or on a more conventional disparate treatment theory, or both. This is because the ADA not only protects against disparate treatment, it also creates an affirmative duty in some circumstances to provide special, preferred treatment, or 'reasonable accommodation.'

Dunlap v. Ass'n of Bay Area Gov'ts, 996 F. Supp. 962, 965 (N.D. Cal. 1998); Lentini v. California Ctr. for the Arts, 370 F.3d 837, 846-47 (9th Cir. 2004) ("It is undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of the ADA"); Martin v. PGA Tour, Inc., 994 F.Supp. 1242, 1247-48 (D. Or. 1998) ("Congress intended to protect disabled persons not just from intentional discrimination but also from 'thoughtlessness,' 'indifference,' and 'benign neglect.'"), aff'd, 204 F.3d 994; see also McGary v. City of Portland, 386 F.3d 1259, 1266 (9th Cir. 2004) ("A plaintiff need not allege either disparate treatment or disparate impact in order to state a reasonable accommodation claim.")(citing Henrietta D. v. Bloomberg, 331 F.3d 261, 275 (2d Cir. 2003), cert. denied, 541 U.S. 936 (2004)).

In order to succeed on an accommodation claim under the ADA, the plaintiff need only show that he is a person with a disability and that the defendant failed to reasonably accommodate his

disability. Dunlap, 996 F.Supp. at 965. It is the failure to provide reasonable accommodations that constitutes discrimination under Title III. Id.

The defendants similarly claim that in order to find liability under Unruh that the plaintiff must prove intent to discriminate. This is, again, erroneous as long as the plaintiff is able to demonstrate a violation of the ADA. In Lentini the Ninth Circuit held that since the Unruh Act was expressly amended to state that: "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section" (Cal. Civ. Code § 51(f)) that it thus follows that no discriminatory intent is required unless so required by the claim under the ADA. Lentini, 370 F.3d 837, 847 (9th Cir. 2004). The court in Lentini was directly addressing the finding of the California Supreme Court in Harris v. Capitol Growth Investors XIV, 52 Cal. 3d 1142 (1991) that a plaintiff seeking relief under the Unruh Act must prove intentional discrimination by relying on the plain language of the statute. Lentini, 370 F.3d at 847. The section of the Unruh Act finding a violation if a violation of the ADA is found was added *after* the Harris decision and thus it seems reasonable that the revision has since changed the law.

If the claim under the ADA fails, then it follows that Harris would apply, but at this time the complaint alleges sufficient facts to move forward.

////

**C. THE RESTROOMS**

In their reply brief, defendants also note that the complaint does not allege any facts regarding the restroom accommodations. This appears to be true. It is hard to dismiss a claim that was not sought, but it seems appropriate to "dismiss" any complaints about the restroom accommodation without prejudice. Plaintiff is granted fifteen (15) days to amend his complaint should he choose to do so.

**CONCLUSION**

Defendant's motion to dismiss is DENIED, except as to the restroom claim. As to that claim, plaintiff is granted fifteen (15) days to amend the complaint.

IT IS SO ORDERED.

DATED: August 16, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT